UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FERNANDO JIMENEZ,<br><br>         Petitioner,<br><br>    v.<br><br>J. REX,<br><br>         Respondent. | Case No. 1:22-cv-00758-HBK (HC)<br><br>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DENY PETITION[1]<br><br>(Doc. No. 9) |

Petitioner Luis Fernando Jimenez ("Petitioner"), a former federal inmate who is currently serving supervised release, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court on June 22, 2022.[2] (Doc. No. 1, "Petition"). The Petition challenges the execution of Petitioner's sentence. (*Id*. at 4). Specifically, as stated, Petitioner claims the Bureau of Prisons ("BOP") "have refused – and

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 11).

[2] Petitioner was released from incarceration on July 22, 2022. Doc. No. 9 at 1 n.1 (citing Doc. No. 9-1 at 3-4). The instant petition is not moot because Petitioner remains "in custody" due to his supervised terms of release. *Tablada v. Thomas*, 533 F.3d 800, 801 n.1 (9th Cir. 2008).

are refusing – to execute the second and subsequent sentencing judgment – which modified a first sentencing judgment imposed by the same federal sentencing court judge – that specifically referenced both sentencing judgments in the secondary judgment – ordering both to run concurrent to each other – overruling his previous first judgment order that the first sentencing judgment was to run consecutive to the second sentencing judgment not yet then imposed." (*Id*. at 8). Respondent filed a Motion to Dismiss in response to the Petition on September 13, 2022. (Doc. No. 9). Respondent seeks dismissal of the Petition due to Petitioner's failure to exhaust his administrative remedies. (*Id*. at 3). In the alternative, Respondent contends the Petition fails on the merits. (*Id*. at 4). As of the date of this Opinion and Order, Petitioner has not filed a response to the Motion, nor requested an extension of time to respond, and the time for doing so has expired. (*See* Doc. No. 7 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss). For the reasons set forth more fully herein, the Court grants Respondent's Motion and denies the Petition.

## I. BACKGROUND

### A. Procedural History

On October 25, 2016, Petitioner was arraigned on charges of distribution of methamphetamine and unlawfully possessing a firearm and was ordered detained pending trial. *See United States v. Jimenez*, case no. 2:16-cr-00763-GW-1, Crim. Doc. Nos. 1, 3-5, 7, 10 (C.D. Cal.)[3]; Doc. No. 9-1 at 56-57. While in pretrial custody on those charges, Petitioner separately was charged by indictment with assault on a federal officer or employee resulting in the infliction of bodily injury and aiding and abetting in violation of 18 U.S.C. §§ 111(a)(1), (b); 2(a). *See United States v. Garcia*, case no. 2:17-cr-00273-ODW, Crim. Doc. Nos. 1 (C.D. Cal.); Doc. No. 9-1 at 11-12. After a jury trial and conviction as charged in case no. 2:17-cr-273-ODW, Petitioner was sentenced on March 12, 2018 to a 57-month sentence to run consecutive to "any undischarged term of imprisonment in case 16-cr-763-GW." Crim. Doc. No. 124; Doc. No. 9-1 at 14-18. Petitioner entered a guilty plea in case no. 2:16-cr-763-GW, and on September 16,

---

[3] The undersigned cites to the record in Petitioner's underlying CDCA criminal cases as "Crim. Doc. No. _."

2

1   2019, was sentenced to a 60-month sentence to run concurrent with the judgment in case no.
2   2:17-cr-273-ODW.  Crim. Doc. No. 59; Doc. No. 9-1 at 20-24.
3         As noted by Respondent, after the imposition of his September 16, 2019 sentence in case
4   no. 2:16-cr-763-GW, Petitioner commenced serving his aggregate federal sentence.  (Doc. No. 9
5   at 3 (citing Doc. No. 9-1 at 34)).  Petitioner received credit of 503 days toward the aggregate
6   sentence for pretrial detention starting from October 25, 2016, the day he was charged in case no.
7   2:16-cr-763-GW, through March 11, 2018, the day before the earlier-imposed sentence began in
8   case no. 2:17-cr-273-ODW; as well as 202 days of earned good conduct time.  (Doc. No. 9-1 at
9   34-36).  Petitioner completed the incarceration term of his federal sentence on July 22, 2022 but
10  remains in service of his supervised release terms at the time Respondent filed the instant Motion.
11  (Doc. No. 9 at 1 n.1; Doc. No. 9-1 at 36).

12                                      **II.  APPLICABLE LAW AND ANALYSIS**

13        Under Rule 4, if a petition is not dismissed at screening, the judge "must order the
14  respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases
15  4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the
16  respondent to make a motion to dismiss based upon information furnished by respondent."  A
17  motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to
18  dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d
19  418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it
20  "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d
21  687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

22      **A.  Exhaustion**

23        "Federal prisoners [generally] are required to exhaust their federal administrative
24  remedies prior to bringing a petition for a writ of habeas corpus in federal court."  *Martinez v.*
25  *Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir.
26  2012).  The requirement that federal prisoners exhaust administrative remedies before filing a
27  habeas corpus petition is judicially created; it is not a statutory requirement.  *Brown v. Rison*, 895
28  F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55

1  (1995).  Because exhaustion is not required by statute, it is not jurisdictional.  *Id*. (citing
2  *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)).  If
3  petitioner has not properly exhausted his claims, the district court, in its discretion, may
4  "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner
5  to exhaust his administrative remedies before proceeding in court." *Id*.

6  Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by
7  allowing the appropriate development of a factual record in an expert forum," (2) conserves "the
8  court's time because of the possibility that the relief applied for may be granted at the
9  administrative level," and (3) allows "the administrative agency an opportunity to correct errors
10 occurring in the course of administrative proceedings."  *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th
11 Cir. 1983) (per curiam).  Dismissal is appropriate when a federal prisoner has not exhausted the
12 administrative remedies made available by the BOP.  *See Quinonez v. McGrew*, 649 F. App'x 475
13 (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did
14 not complete any level of the BOP's Administrative Remedy Program and there is no indication
15 that his pursuit of those remedies would be futile").  However, the Court may waive the
16 exhaustion requirement when administrative remedies are inadequate, irreparable injury may
17 occur without immediate judicial relief, or exhaustion otherwise would be futile.  *Laing v.*
18 *Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28
19 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is
20 available.").

21 Respondent argues Petitioner failed to exhaust the administrative remedy process, and
22 therefore the "BOP did not have [an] opportunity to review Petitioner's claim that the latter
23 judgment (in CDCA 16-cr-763) voided the earlier judgment (in CDCA 17-cr-273)." (Doc. No. 9
24 at 4; Doc. No. 9-1 at 2 (noting Petitioner attempted to file two administrative remedies and both
25 were rejected "for procedural reasons")).  In the Petition, Petitioner states he filed a first, second,
26 and third level appeal (Doc. No. 1 at 2-3); and attaches exhibits to his Petition that include
27 multiple attempts at administrative remedy, and the reasons given for denying his requests.  (*Id*. at
28 15-31).  After reviewing the documents submitted by both parties, it is unclear to the Court

4

whether Petitioner has fully exhausted his administrative remedies. Here, the Court finds it would be futile for Petitioner to pursue further administrative remedies because, although "in custody" Petitioner is no longer incarcerated and his sole ground for relief has no merit. *See Seriales v. Lizarraga*, 2019 WL 201524, at *4 (E.D. Cal. Jan. 15, 2019) (excusing exhaustion requirement because Petitioner's claims are without merit, and any attempt to exhaust would be futile); *see also Keegan v. Derr*, 2023 WL 2403941, at *3 (D. Haw. Mar. 8, 2023) (waiving exhaustion requirement because petitioner is no longer an inmate and is therefore unable to exhaust the administrative remedy process). Therefore, the Court waives the exhaustion requirement and will turn to the merits of the Petition.

### B. The BOP Properly Executed Petitioner's Sentences

A federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, but a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. *See, e.g., Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center); *Barden v. Keohane*, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing BOP erred in determining whether petitioner could receive credit for time spent in state custody); *United States v. Brown*, 610 F.2d 672, 677 (9th Cir. 1980) (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner claims the BOP's computation of his sentence unlawfully effects the length of his sentence. Thus, the claim is proper under 28 U.S.C. § 2241 as it challenges the execution of Petitioner's sentence rather than the sentence's imposition. *See, e.g., Schleining v.*

*Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) (upholding BOP's computation of good time credits and expected release date).

Under 18 U.S.C. § 3585, the Attorney General, through the BOP, is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992). "After a defendant is sentenced, the BOP is responsible for determining (i) the date the federal sentence 'commences'; (ii) whether the defendant should receive credit for time spent in custody before the sentence 'commenced'; and (iii) whether the defendant should be awarded credit for 'good time.'" *Tompkins v. Graber*, 2015 WL 1536289, at *5 (D. Ar. Apr. 6, 2015) (citing 18 U.S.C. § 3585(a) and (b); *Wilson*, 503 U.S. at 331-32 (BOP determines credit issues, not district courts)). Pursuant to 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody" at the "official detention facility at which the sentence is to be served." Thus, "a federal sentence cannot commence until a prisoner is sentenced in federal district court." *Schleining*, 642 F.3d at 1244; *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")(citation omitted); BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed"). Moreover, "[a] sentence can run concurrent with an unexpired portion of a previously imposed sentence, but it cannot run concurrent with that part of a previously imposed sentence that has already run. A sentence starts when the defendant is taken into custody to serve that sentence, and not before." *Sadler v. Baltazar*, 2019 WL 4419014, at *2 (D. Ar. Aug. 23, 2019); *Trine v. Salazar*, 770 F. App'x 874 (9th Cir. 2019) (federal sentence to be served concurrently with his previously imposed state sentence began on date of federal sentencing, and "cannot be backdated prior to its commencement").

Petitioner argues the BOP failed to execute his sentences in accordance with the most recent judgment issued by the sentencing court on September 16, 2019. (Doc. No. 1 at 6). More specifically, Petitioner claims that the "second and subsequent" judgment in 2:16-cr-763-GW "overruled" the previously assessed judgment in 2:17-cr-273-ODW, and that "notwithstanding

the latter sentencing judge's specific sentencing instruction, the BOP have executed – and are executing – the first sentencing judgment consecutive to the second sentencing judgment ignoring the commanded modification in the second sentencing judgment – that both run concurrent to each other." (*Id*. at 8). In essence, Petitioner argues that his aggregate term should run concurrently from the start date of his March 12, 2018 prior sentence. Respondent contends the BOP properly aggregated the two federal sentences to form a single sentence, and determined the aggregated sentence to commence running concurrently on September 16, 2019, the date the second sentence was imposed. (Doc. No. 9 at 4). The Court agrees.

Petitioner's sentence was computed in accordance with 18 U.S.C. § 3585 and BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and consistent with the sentencing court's intent to have Petitioner's sentence in case no. 2:16-cr-763-GW run concurrently with the previously imposed sentence in case no. 2:17-cr-273-ODW. To wit, Petitioner's 60-month sentence in 2:16-cr-763-GW started on the day it was imposed, September 16, 2019.[4] It was administratively aggregated with the unexpired portion of the previously imposed 57-month sentence until that sentence expired, and after applying the appropriate credits for pretrial detention and good time conduct, Petitioner's projected release date was properly calculated as July 22, 2022. (Doc. No. 9-1 at 33-36). Petitioner has failed to show any violation of federal law in the BOP's commencement of his aggregate sentence; nor has he cited any evidence or federal law to support his argument that the later imposed sentence "overruled" the earlier sentence.

Finally, a federal prisoner is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... *that has not been credited against another sentence*." 18 U.S.C. § 3585(b)(2) (emphasis added). To the extent Petitioner claims his credit for time served in pretrial detention "from the time of his initial arrest" was improperly applied (Doc. No. 1 at 9), Respondent explains that Petitioner received 503 days of jail credit for his time in pretrial detention for case

---

[4] The Court notes that if Petitioner's 60-month sentence was run consecutive to his previously imposed 57-month sentence, it would not have started until the 57-month sentence was over.

no. 2:16-763-GW, calculated from the onset of Petitioner's arrest on those charges on October 25, 2016, through March 11, 2018, the date his sentence was imposed in case no. 2:17-cr-273.  (Doc. No. 9 at 1-2; Doc. No. 9-1 at 3-4).  Thus, Petitioner is not entitled to any separate or additional credit for the time he spent in pretrial detention prior to his later imposed concurrent sentence in case no. 2:16-763-GW, because it was properly credited toward his aggregate sentence in compliance with 18 U.S.C. § 3585(b).  *Wilson*, 503 U.S. at 337 ("Congress made it clear that a defendant could not receive a double credit for his detention time."); *Fitch v. Johnson*, 2017 WL 1508560, at *3 (C.D. Cal. Mar. 21, 2017) (holding the time that petitioner spent in federal custody related to his federal charges was credited to that sentence, and therefore could not be credited towards his sentence following his later conviction on other federal charges).  After applying those credits, and good time credits, Petitioner's release date for the aggregate sentence was properly calculated as July 22, 2022.  (*Id*.)

Based on the foregoing, Petitioner has not shown that the BOP committed legal error in the execution of his sentence.  As Petitioner has failed to establish that his continuing confinement is unlawful, he is not entitled to habeas corpus relief.

Accordingly, it is **ORDERED**:

1. Respondent's Motion (Doc. No. 9) is GRANTED to the extent the Petition is DENIED on the merits.

2. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:    May 15, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE